**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2516

_____

JILL TOLEDO,

Appellant

v.

MGM RESORTS INTERNATIONAL, DBA Borgata Hotel Casino & Spa;
JOHN DOE 1-10; ABC CORPORATIONS 1-10; MARINA DISTRICT
DEVELOPMENT COMPANY, LLC, DBA Borgata Hotel Casino and Spa

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:17-cv-04218)
Honorable Robert B. Kugler, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 18, 2021

Before: CHAGARES, BIBAS, and FUENTES, *Circuit Judges*

(Opinion filed: December 10, 2021)

_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Plaintiff-Appellant Jill Toledo appeals the District Court's grant of summary judgment to Defendant-Appellee Marina District Development Company LLC d/b/a Borgata Hotel Casino & Spa ("Borgata") on her negligence claim. She argues that the District Court erred in excluding her expert witness, and that even if the expert was properly excluded, Borgata is not entitled to summary judgment because genuine issues of material fact remain. For the following reasons, we will affirm.

I.

At approximately 10:00 a.m. on the morning of Saturday, June 20, 2015, Toledo tripped while walking through a retail area of Borgata. Although the exact details of what happened are in dispute, Toledo was wearing flip flops and testified that her left foot got stuck on something on the floor, causing her to stumble forward. When she went back to look at the area, she observed a metal expansion joint raised above the tile. Toledo sued Borgata for negligence in the United States District Court for the District of New Jersey, claiming that she tripped on a hazardous condition that Borgata had a duty to repair or to warn her about.[1]

To support her claim, Toledo retained James Kay, a retired general contractor and high school carpentry teacher. After inspecting the floor at Borgata in April 2019 (almost

---

[1] Toledo originally named MGM Resorts International as the company doing business as Borgata but later amended her complaint to name Marina District Development Company LLC as the proper Borgata defendant. Toledo's amended complaint also names as defendants a number of fictitious individuals and corporations allegedly responsible for her injuries.

four years after the incident), Kay authored a two-page expert report that focuses on a grout joint between the tile surface of the floor and the metal expansion joint in the area where Toledo tripped. The report states that, at the time of the inspection, the grout joint was 5/16 of an inch wide and the expansion joint was elevated 3/16 of an inch above the surface of the floor. This elevation was up to code. As Kay acknowledged in his report and a later deposition, several sources, including the Americans with Disabilities Act, permit up to a quarter-inch change in elevation in a walking surface. The report goes on to find, however, that the grout joint created a tripping hazard in 2015 because two pictures taken at the time of the incident indicate that "the grout in the joint . . . had deteriorated to an unacceptable depth," creating an "exposed channel" as deep as 1/2 of an inch.[2] And in his deposition testimony, Kay identified an additional problem with the grout joint: it was not "up to standard" because it was wider than 1/8 of an inch.[3] When asked where that standard came from, Kay testified that it is not a code requirement but rather an industry standard based on his experience in the industry.

Following Kay's deposition, Borgata moved to exclude his testimony under Rule 702 of the Federal Rules of Evidence, arguing that he was not qualified to testify as an expert and that his opinions were not based on reliable principles and methods. And because Borgata argued that Toledo has no evidence to support her claim of negligence without Kay's testimony, it moved for summary judgment in the same filing. After hearing argument on the motion, the District Court agreed with Borgata, excluding Kay's

---

[2] A056.
[3] A084–85.

proposed expert testimony and granting summary judgment to the defendants on all claims. Toledo timely appealed.

## II.[4]

Toledo first argues that "[t]he District Court erred when deciding [Kay] is not qualified" to testify as an expert witness.[5] The problem with this argument is that it is predicated on a misunderstanding of the record below. The District Court did not exclude Kay for lack of sufficient qualifications under Rule 702. In fact, it explicitly declined to decide that issue. Instead, the District Court excluded Kay's expert testimony because it found no support for his assertion that the grout joint at Borgata violated an industry standard by being wider than 1/8 of an inch. The District Court explained that there is "nothing in the record . . . that demonstrates that this is a violation of any industry standard" because Toledo could not locate a source for the purported standard and there

---

[4] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We exercise "plenary review over a District Court's grant of summary judgment." *Razak v. Uber Techs.*, 951 F.3d 137, 144 (3d Cir. 2019). A party is entitled to summary judgment if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." *Id*. A court reviewing a motion for summary judgment must view the evidence in the light most favorable to the nonmoving party. *Razak*, 951 F.3d at 144. But the court must grant the motion if, "after adequate time for discovery," the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We review a district court's decision to admit or exclude expert testimony for abuse of discretion. *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).
[5] Toledo Amend. Br. at 7.

4

has been "no acknowledgment whatsoever" of the standard by someone in the relevant industry.[6]

By only raising the issue of Kay's qualifications on appeal, Toledo has waived any other arguments about the District Court's decision to exclude him as an expert witness.[7] But even if we construe Toledo's arguments more broadly, we find no abuse of discretion. The District Court was within its discretion to exclude Kay's testimony about the 1/8-of-an-inch industry standard because that opinion is neither "based on sufficient facts or data" nor "the product of reliable principles and methods" under Rule 702.[8] Kay testified, for example, that he had never personally installed tile next to an expansion joint and had not measured a gap between tile and an expansion joint prior to his work on this case. The fact that Kay has "seen" expansion joints over the years and believes the grout joints abutting those expansion joints were 1/8 of an inch based on his "eye" is not a sufficiently reliable methodology.[9] And although the District Court failed to explain its reason for excluding Kay's additional opinion that the grout in the joint had deteriorated to an "unacceptable depth" in 2015, thereby creating an "exposed channel" as deep as 1/2

---

[6] A37.

[7] *See, e.g.*, *In re: Asbestos Prods. Liab. Litig. (No. VI)*, 873 F.3d 232, 237 (3d Cir. 2017) ("As a general matter, an appellant waives an argument in support of reversal if it is not raised in the opening brief."); *Barna v. Board of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017) ("We have long recognized, consistent with Federal Rule of Appellate Procedure 28(a) and Third Circuit Local Appellate Rule 28.1, that an appellant's opening brief must set forth and address each argument the appellant wishes to pursue in an appeal.").

[8] Fed. R. Evid. 702(b) and (c).

[9] A083.

of an inch,[10] that opinion also runs afoul of Rule 702 for similar reasons: it is based on insufficient facts and data, and is the product of an unreliable methodology, because it is based solely on Kay's review of two photographs taken at the time of the incident (almost four years prior to his inspection of the floor in April 2019).[11] We therefore find no abuse of discretion in the District Court's decision to exclude Kay's expert testimony.

Toledo also argues that the District Court erred in granting summary judgment to Borgata because genuine issues of material fact remain even without Kay's excluded expert testimony. We disagree. To prevail on a claim of negligence in New Jersey, a plaintiff must establish: "(1) that the defendant owed a duty of care; (2) that the defendant breached that duty; (3) actual and proximate causation; and (4) damages."[12] Toledo has satisfied the first element of her claim because, as Borgata concedes, it owed her a duty of care as a business invitee. More specifically, Borgata owed Toledo a duty to "guard against any dangerous conditions on the property that [it] either [knew] about or should have discovered."[13]

The problem for Toledo's claim is the second element. The District Court found that without Kay's expert testimony, Toledo has no evidence that there was a defect in

---

[10] A056.

[11] Although the District Court failed to explain its basis for excluding this part of Kay's testimony, we may affirm on any ground supported by the record. *See Bradley v. West Chester Univ. of Pa. State Sys. of Higher Educ.*, 880 F.3d 643, 650 (3d Cir. 2018) (citing *Gorum v. Sessoms*, 561 F.3d 179, 184 (3d Cir. 2009)).

[12] *Fernandes v. DAR Dev. Corp.*, 119 A.3d 878, 885–86 (N.J. 2015).

[13] *Stelluti v. Casapenn Enters., LLC*, 1 A.3d 678, 691 (N.J. 2010) (cleaned up) (internal quotations omitted) (quoting *Hopkins v. Fox & Lazo Realtors*, 625 A.2d 1110, 1113 (N.J. 1993)).

the floor at the time of the incident that breached Borgata's duty of care. On appeal, Toledo argues that her claim should be allowed to proceed on the basis of the two photographs taken at the time of the incident, surveillance video that shows her tripping, and the fact that Borgata was required to keep the floor in good condition under applicable code. But even when viewed in the light most favorable to Toledo, this evidence is insufficient for a reasonable jury to find that Borgata breached its duty of care.[14] The fact that Toledo tripped while walking through a retail area of the resort does not, by itself, establish that a dangerous condition existed, especially given that she was wearing flip flops at the time.[15] And although the two photographs taken at the time of the incident show the condition of the metal expansion joint and the adjacent grout joint at the time Toledo tripped, they cannot support a reasonable finding of negligence on their own because they are facially ambiguous and lack critical information, such as the scale of the objects depicted. It is therefore impossible to tell from the photographs whether the portion of the floor depicted was safe and compliant with code at the time Toledo tripped, or whether it created a tripping hazard that breached Borgata's duty of care. Although it is ultimately not our role to weigh the evidence at this stage, to overcome Borgata's motion for summary judgment, Toledo needed to produce "evidence

---

[14] *Anderson*, 477 U.S. at 248.

[15] Toledo has not argued that Borgata's negligence can be inferred under the doctrine of *res ipsa loquitur*, which under New Jersey law permits a jury to infer negligence where "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect." *Jerista v. Murray*, 883 A.2d 350, 360 (N.J. 2005).

on which the jury could reasonably find for [her]."[16]  Because she failed to do so, the

District Court properly granted summary judgment to Borgata.[17]

IV.

For these reasons, we will affirm the District Court's order granting summary

judgment to the defendants.

---

[16] *Anderson*, 477 U.S. at 252.

[17] The District Court also found that Toledo failed to produce sufficient evidence of causation, the third element of her negligence claim.  But because we find that she failed to make a sufficient showing on the second element—breach of duty—we do not reach the issue of causation.

8